IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2013 MAY -8 P 3: 23
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>)<br>1) MONIQUE BOUCHER )<br>2) MICHAEL ST. CLAIRE )<br>        Defendants. ) | CRIMINAL NO. 13CR10142-<br><br>**VIOLATION:**<br>Ct. 1: 18 U.S.C. §1349<br>(Conspiracy to Commit Wire Fraud)<br><br>**FORFEITURE ALLEGATIONS**<br>18 U.S.C. §981 (a)(1)(c)<br>28 U.S.C. §2461(c) |

## INFORMATION

The United States Attorney charges that:

At all times relevant to this Information:

1. Defendant Monique Boucher ("Boucher"), a resident of Lowell, Massachusetts, was employed as a loan officer, loan processor and office manager at Mass Lending, LLC ("Mass Lending"), a mortgage loan origination business with its principal place of business at 220 Reservoir Street in Needham, Massachusetts.

2. Boucher controlled bank account number xxxxxxx-1618 ("account 1618") at Sovereign Bank.

3. Defendant Michael St. Claire ("St. Claire"), was the owner and chief executive officer of Morpheus, LLC ("Morpheus"), a real estate development company with its principal place of business at 12 Justin Road in Brighton, Massachusetts.

4. St. Claire controlled bank account number xxxxxxx-8549 ("account 8549") at Eastern Bank and Morpheus bank account number xxxxxxx-0845 ("account 0845") at Eastern Bank.

5.   J. Daniel Lindley ("Lindley") was an attorney licensed to practice law in the Commonwealth of Massachusetts, who maintained a law office at 8 Winter Street in Boston, Massachusetts and controlled bank account number xxxxx-1774 ("account 1774") at RBS Citizens Bank in Massachusetts, an Interest on Lawyers Trust Accounts ("IOLTA") account.

6.   Taylor, Bean & Whitaker Mortgage Corporation ("TBW") was a mortgage lending company with its principal place of business in Ocala, Florida. TBW controlled a bank account with Colonial Bank NA in Kissimmee, Florida.

7.   The individual identified herein as B.A. is a person known to the United States Attorney.

## COUNT ONE
### (Conspiracy– 18 U.S.C. § 1349)

8.   Beginning in or about March 2007, and continuing through in or about May 2007, in the District of Massachusetts and elsewhere,

MONIQUE BOUCHER, and
MICHAEL ST. CLAIRE

the defendants herein, did knowingly and intentionally conspire, confederate and agree with each other and with persons to the United States Attorney known and unknown, to commit an offense against the United States, to wit: having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, to cause writings, signs, signals, pictures, and sounds to be transmitted by means of wire communication in interstate commerce for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## OVERT ACTS

9.   In furtherance of the conspiracy and to effect its objects, the following overt acts

were committed in the District of Massachusetts and elsewhere:

10. In or about February 2007, St. Claire purchased a multi-family building containing twelve units located at 25-31 West Fifth Street, in South Boston, Massachusetts, for $1,800,000. St. Claire immediately converted the property into twelve condominiums, which allowed St. Claire to sell the units individually to purported buyers that he, Boucher, and others had recruited to purchase the units.

11. To entice the buyers to purchase one or more units, Boucher and St. Claire and others told the buyers that they would not have to put any money down or provide any funds for the purchase and, in addition, Boucher and St. Claire and others promised the buyers an incentive payment in the form of a "kickback," that is, money paid to the buyer after the closing. The kickbacks were paid to the buyers out of Morpheus bank account 0845 and out of Boucher's account 1618, in amounts ranging from $42,000 to $50,000 per unit.

12. B.A. was one such recruit.

13. In or about March or April 2007, Boucher and others acting at her direction, prepared and submitted to TBW a loan application and supporting documents in the name of B.A. seeking two mortgage loans: a primary mortgage for $260,000 and a secondary mortgage for $32,500 for the purchase of Unit 27-1 at 25-31 West Fifth Street. The mortgage loan application contained material false representations, including false statements regarding B.A.'s monthly income, assets, and the amount B.A was to pay at the closing.

14. On or about May 11, 2007, B.A. purchased Unit 27-1. The HUD-1 Settlement Statement submitted to TBW in connection with this transaction falsely represented that B.A. paid $32,730.94 at the closing. In fact, the down payment was paid by St. Claire from funds

reported on the HUD-1 as a "payoff" due to Morpheus as a second lien on the unit, when, in fact, this "payoff" was noted on the HUD-1 in order to conceal the fact that B.A. was not making the down payment. B.A paid nothing at closing.

15. On or about May 11, 2007, TBW wired mortgage loan proceeds of $257,583.97 (primary) and $32,063.35 (secondary) from an account at Colonial Bank NA in Kissimmee, FL to Lindley's IOLTA account at Citizens Bank, in Providence, RI.

16. On or about May 14, 2007, mortgage loan proceeds relating to the sale of Unit 27-1 in the amount of $259,706.62 were wired from Lindley's IOLTA account 1774 to St. Claire's account 8549 at Eastern Bank.

17. On or about May 17, 2007, St. Claire transferred $575,000, an amount partially funded by the sale of Unit 27-1, to Morpheus account 0845. That same day, St. Claire wired $332,000 from Morpheus account 0845 to Boucher's Sovereign account 1618.

18. On or about May 21, 2007, St. Claire caused B.A. to receive a $42,000 check from Morpheus account 0845 for what was described on the check as a "construction credit unit 27-1," as well as a $5,000 check from Morpheus account 0845 for what was described on the check as "referral unit 27-1."

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATIONS**

### (18 U.S.C. §981(a)(1)(C) & 28 U.S.C. §2461(c))

The United States Attorney further charges:

19. Upon conviction of the offense in violation of 18 U.S.C. §1349 alleged herein, the defendants,

MONIQUE BOUCHER and
MICHAEL ST. CLAIRE

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

20. If any of the property described in paragraph 19 as being forfeitable, as a result of any act or omission of the defendants-

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. §2461(c), incorporating 21 U.S.C. §853(p), to seek forfeiture of all other property of the defendants up to the value of the property described in paragraph 20 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

                              Respectfully submitted,

                              CARMEN ORTIZ
                            United States Attorney

                   By:   /s/ Sandra S. Bower
                            SANDRA S. BOWER
                            Assistant U.S. Attorney

Date: May 8, 2013